Defendant-appellant, Keith A. Sturgill, appeals from a judgment of the Franklin County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. Chapter 2950. Appellant contends that the evidence in the record is insufficient to support such a determination. We affirm the decision below, finding that there is sufficient evidence to support the adjudication of appellant as a sexual predator.
On August 5, 1993, appellant was indicted (case No. 93CR-08-4407) on one count of aggravated robbery with specification, one count of robbery, and one count of kidnapping with specification. All charges in this indictment related to a July 19, 1993 incident in which appellant robbed a gas station convenience store. On August 5, 1993, appellant was also separately indicted (case No. 93CR-08-4404) on one count of aggravated robbery with specification, one count of robbery, one count of rape with specification, and one count of kidnapping with specification. All charges in this indictment related to a July 26, 1993 incident in which appellant admittedly raped a hotel employee. Finally, on November 9, 1993, appellant was indicted (case No. 93CR-11-6522) on one count of kidnapping, one count of rape, one count of corruption of a minor, and one count of gross sexual imposition. All charges in this indictment related to an incident occurring between February 5, 1993 and February 26, 1993, in which appellant allegedly raped a fourteen-year-old female acquaintance.
On January 25, 1994, appellant entered guilty pleas in all three cases. Appellant pleaded guilty to count two (robbery) of the indictment related to the July 19, 1993 gas station incident; appellant pleaded guilty to the lesser included offense of attempted rape as to the incident involving the hotel employee; and appellant pleaded guilty to count three (corruption of a minor) of the indictment related to his fourteen-year-old acquaintance. In exchange for appellant's guilty pleas, a nolle prosequi was entered on the remaining counts of the indictments.
At the plea hearing, the prosecution recited facts related to all three crimes. In particular, the prosecution stated that at approximately 8:45 p.m. on July 19, 1993, the appellant entered a Super America store, engaged the store clerk in conversation, grabbed the clerk by the arm and said "Give me the money. I am not kidding. I have a loaded .22." Appellant took $220 and fled the scene. On July 26, 1993, appellant entered a hotel room being cleaned by one of the hotel worker's, Julie Schiff. Appellant held what Schiff believed was a weapon to her head and forced her to lie face down on the ground. Appellant bound Schiff's hands behind her back with tape, rolled her over, and vaginally raped her. When he was done, appellant stated, "There, that wasn't so bad," and left. Finally, at some time between February 5 and February 26, 1993, appellant, then age twenty, was in the home of Danielle Grecco, age fourteen, when he forced her into the basement of the home and forced her to engage in vaginal intercourse.
By separate judgment entries dated January 27, 1994, the trial court sentenced appellant to three to fifteen years for the robbery, four to fifteen years for the attempted rape, and eighteen months for the corruption of a minor. All sentences were to be served consecutively.
Pursuant to R.C. 2950.09(C), a sexual predator hearing was held on July 7, 1998. At the hearing, the prosecution introduced copies of the three prior indictments, three corresponding guilty plea forms, three judgment entries, and a transcript of the January 24, 1994 plea hearing. Upon admission of these documents, the prosecution rested. Appellant testified on his own behalf. He admitted that he raped Schiff but denied that he made the statement attributed to him at the plea hearing. Appellant also testified that the sexual activity with Grecco had been consensual and that he did not know her age at the time. Finally, appellant testified that he had completed level two of the Department of Rehabilitation and Correction's Sex Offender Program and that he considered himself to be a changed person since the incidents resulting in his incarceration.
By judgment entry dated July 7, 1998, the trial court found by clear and convincing evidence that appellant is a sexual predator. It is from this judgment entry that the appellant appeals, raising the following single assignment of error:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE DEFENDANT WAS A SEXUAL PREDATOR WHEN THE STIPULATED FACTS DID NOT SUPPORT THE DETERMINATION.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Certain registration and verification of address requirements and public notification provisions apply to a person who is adjudicated to be a sexual predator. See, generally, R.C.2950.04, 2950.06, 2950.07, 2950.10, and 2950.11.
Pursuant to R.C. 2950.09(B) and (C), a trial court holds a hearing to determine whether an incarcerated defendant who has been convicted of a sexually oriented offense is a sexual predator by clear and convincing evidence. In so doing, the trial court considers all "relevant factors," including but not limited to the following specific factors:
(a) the offender's age;
(b) the offender's prior criminal record;
 (c) the age of the victim of the offense for which the sentence is to be imposed;
 (d) whether the offense at issue involved multiple victims;
 (e) whether the offender used drugs or alcohol to impair the victim of the offense;
 (f) whether the offender completed any sentence imposed for any prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) any mental illness or mental disability of the offender;
 (h) the nature of the offender's sexual conduct, sexual contact, or interaction with the victim and whether such conduct was part of a demonstrated pattern of abuse;
 (i) whether the offender displayed cruelty or made one or more threats of cruelty during the commission of the offense; and
 (j) any additional behavioral characteristic that contributed to the offender's conduct. [See R.C. 2950.09(B)(2).]
As this court recently stated, an appellate court in reviewing a finding that the appellant is a sexual predator "must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard." State v. Johnson (Sept. 24, 1998), Franklin App. No 97APA12-1585, unreported (1998 Opinions 4551, 4558); see, generally, State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, unreported (1998 Opinions 4961). Clear and convincing evidence is "'[t]hat measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122 (quoting Cross v. Ledford [1954], 161 Ohio St. 469, paragraph three of the syllabus).
Appellant contends that the evidence adduced below was insufficient to support a conclusion that he is likely to engage in a sexually oriented offense in the future. We disagree, finding that the record contains sufficient evidence to satisfy the clear and convincing standard. In so doing, we reaffirm that "past behavior is often an important indicator of future propensity." Johnson, supra, at 4559; see, also, Statev. Ferguson (Mar. 31, 1998), Franklin App. No. 97APA06-858, unreported (1998 Opinions 985, 988).
Here, the record reveals that several of the factors set forth in R.C. 2950.09(B)(2) are implicated in support of a sexual predator finding. In particular, appellant committed two sexually oriented offenses against two different victims, one of whom was fourteen years old. The record also reveals several additional criminal convictions, including not only the robbery of the convenience store but two prior disorderly conduct convictions. Finally, the transcript of appellant's plea hearing indicates a level of cruelty in his rape of Schiff,i.e., that he may have threatened her with a weapon, bound her hands with tape, and demeaned her verbally when he was done. Appellant testified that he is a changed person and has completed sex offender treatment programs while incarcerated. However, his evaluation upon completion of that program indicated that he attempted to verbally victimize a female group leader. While his participation in the program and his testimony are factors that the trial court was obligated to consider in determining the appellant's status as a sexual predator, such evidence does not negate the existence of sufficient evidence supporting the trial court's determination.
For the foregoing reasons, we find that the trial court's determination that appellant is a sexual predator was supported by sufficient evidence. Therefore, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and PETREE, JJ., concur.